IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TEWAN WILSON, # 297093, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JAY JONES, *et al.*, )<br>)<br>Respondents. ) | Civil Action No. 3:15cv192-WKW<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Tewan Wilson ("Wilson") is before this court on a *pro se* petition for writ of habeas corpus, *see* 28 U.S.C. § 2254, filed on March 24, 2015. Doc. No. 1. Wilson challenges his conviction for harassment and the resulting 90-day sentence entered in January 2009 by the Circuit Court of Lee County, Alabama. For the reasons indicated below, this court concludes that Wilson's petition should be dismissed.

**DISCUSSION**

In May 2006, Wilson was indicted on the charge of second-degree assault, in violation § 13A-6-21, Ala. Code. 1975. Doc. No. 10, Resp'ts Ex. 1 at 2. On December 5, 2008, following a trial in the Lee County Circuit Court, a jury found Wilson guilty of the lesser included offense of harassment, in violation of § 13A-11-8, Ala. Code. 1975. *Id*. at 3. On January 29, 2009, the trial court sentenced Wilson to 90 days in jail. *Id*. That 90-day sentence fully expired before Wilson filed the instant habeas petition.

District courts have jurisdiction to entertain a § 2254 habeas petition only from a

person who is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(c)(3); *Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000). The United States Supreme Court has stated that § 2254's "in custody" requirement means "that the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Accordingly, where a petitioner's sentence has fully expired, he does not meet the "in custody" requirement. *Id*. at 492.

In *Maleng*, the Supreme Court acknowledged that when a § 2254 petition can be construed as asserting a challenge to a current sentence that was enhanced by an allegedly invalid prior conviction, the prisoner is "in custody" for purposes of federal habeas jurisdiction. *See* 490 U.S. at 493-94. However, in his petition, Wilson challenges only his harassment conviction and the expired 90-day sentence. Moreover, his harassment conviction, a misdemeanor (*see* § 13A-11-8(a)(3), Ala. Code 1975), is not subject for use in a subsequent sentence enhancement.

In light of the foregoing, the court concludes that Wilson's petition for writ of habeas corpus relief should be dismissed for lack of subject-matter jurisdiction, as Wilson is not "in custody" for the conviction challenged in his petition. *Maleng*, 490 U.S. at 490.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition

for writ of habeas corpus be DISMISSED, because this court is without jurisdiction to consider Wilson's challenge to his expired Lee County harassment conviction and sentence.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 22, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 8th day of June, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE